AB:KCB
F#2018R01920

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

MATTHEW LIPSKY,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

AFFIDAVIT AND COMPLAINT IN SUPPORT OF AN APPLICATION FOR AN ARREST WARRANT

(T. 18, U.S.C., § 2261A(2))

19-MJ-235

EASTERN DISTRICT OF NEW YORK, SS:

      MATTHEW R. HAMMOND, being duly sworn, deposes and states that he is a Special Agent with the Federal Bureau of Investigation, duly appointed according to law and acting as such.

      On or about and between October 2018 and March 8, 2019, within the Eastern District of New York and elsewhere, the defendant MATTHEW LIPSKY, with the intent to harass, intimidate and place under surveillance with intent to harass or intimidate, did knowingly and intentionally use the mail, an interactive computer service, electronic communication service and a facility of interstate commerce to engage in a course of conduct that caused substantial emotional distress to another person, to wit: JANE DOE.

      (Title 18, United States Code, Section 2261A(2))

      The source of your deponent's information and the grounds for his belief are as follows:

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been since 2007. I am currently assigned to the Violent Crimes Task Force. In that position, I have had significant training and experience investigating a wide range of crimes involving violence and threats of violence, including threats made by telephone, online, and through other electronic means. I have also interviewed JANE DOE, who is discussed below. The information in this Complaint comes from, among other things, my personal involvement in the investigation and a review of documents and reports provided by other law enforcement officers. Unless specifically indicated, all conversations and statements described in this affidavit are related in sum and substance and in part only. Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all of the relevant facts and circumstances of which I am aware.

2. In October 2018, JANE DOE, an Assistant United States Attorney in the Eastern District of Pennsylvania, ended a romantic relationship she had shared with the defendant MATTHEW LIPSKY. LIPSKY then began to send gifts to, and communicate with, JANE DOE. On or about October 18, 2018, JANE DOE spoke with LIPSKY by telephone, at which time she informed LIPSKY to stop contacting her.

3. On or about October 19, 2018, JANE DOE's neighbor called the police after observing the defendant LIPSKY enter JANE DOE's residence. JANE DOE and LIPSKY did not share the same residence. Although JANE DOE had given LIPSKY permission to enter her residence while they were in a romantic relationship, including giving him a key to enter her residence, she had withdrawn that permission and taken away LIPSKY's key upon ending their relationship. Several hours later, JANE DOE observed LIPSKY standing in a wooded area directly behind her residence. Shortly after this incident,

Pennsylvania law enforcement contacted LIPSKY by telephone and informed him that he was not allowed to go to JANE DOE's house and that JANE DOE no longer wanted to receive gifts, phone calls or text messages from LIPSKY. LIPSKY informed Pennsylvania law enforcement officers that he understood and would stop contacting JANE DOE.

4. On or about October 27, 2018, JANE DOE traveled to John F. Kennedy International Airport ("JFK") in Queens, New York, to board Delta Airlines Flight 216 to Dakar, Senegal. When she arrived at the departure gate at JFK, at approximately 9 p.m., she observed LIPSKY at the departure gate. LIPSKY handed JANE DOE a letter and requested that she read it. During this conversation, LIPSKY informed JANE DOE that he had purchased a plane ticket so that he could speak with JANE DOE. JANE DOE told LIPSKY to leave. LIPSKY informed JANE DOE that he had requested to be seated in the seat next to JANE DOE's seat on the flight to Dakar, Senegal on October 27, 2018. Records obtained from Customs and Border Protection officers confirm that the defendant LIPSKY had in fact purchased a ticket on Delta Airlines Flight 216 to Dakar, Senegal, on October 27, 2018.

5. On or about November 5, 2018, at approximately 5:00 a.m., JANE DOE returned to JFK on an aircraft originating in Dakar, Senegal. After exiting through customs, JANE DOE observed the defendant LIPSKY inside the terminal. She did not approach him, but instead walked toward a platform to board a train. LIPSKY followed her, at which point JANE DOE informed him that he was stalking her, that she did not want him to communicate with her or follow her, and that she would seek legal action against him. JANE DOE was extremely upset by the encounters.

6. On or about November 8, 2018, JANE DOE called police to report that the defendant LIPSKY had left a suicide note at her residence. LIPSKY thereafter informed

JANE DOE that he ~~had~~ was ~~committing~~ planning to [RMW] commit suicide and had consumed drugs. Law enforcement located LIPSKY in the vicinity of JANE DOE's residence and LIPSKY subsequently received treatment.

7. On December 22, 2018, JANE DOE received a phone call from the defendant LIPSKY regarding an imminent suicide attempt by LIPSKY. JANE DOE informed law enforcement, and LIPSKY again received treatment.

8. On or about December 24, 2018, an arrest warrant was issued by Pennsylvania State authorities charging the defendant LIPSKY with trespass, stalking and harassment. On or about December 31, 2018, the defendant appeared in Pennsylvania state court, at which time he was released on an unsecured bond. See Commonwealth of Pennsylvania v. Matthew Lipsky, No. CP-15-CR-0000512-2019. One of the conditions of LIPSKY's release was to have no contact, direct or indirect, with JANE DOE, including contact by social media. Another condition of the bond was that LIPSKY not be within one mile of the victim's residence.

9. Beginning in approximately December 2018, JANE DOE observed that trash appeared to be missing from her garbage can, which she placed outside of residence for pickup approximately one time per week. On or about February 11, 2019, JANE DOE contacted Pennsylvania law enforcement regarding footprints that JANE DOE observed in the snow in and around her garbage can on the curb outside her residence. February 11 was JANE DOE and the defendant LIPSKY's anniversary. Law enforcement reported that the footprints in the snow led to an abandoned house a few doors away from JANE DOE's residence.

10. On March 2, 2019, JANE DOE observed the defendant LIPSKY's vehicle, a black Toyota bearing a New York license plate number that JANE DOE knows to

belong to LIPSKY ("LIPSKY's vehicle"), drive past a park near JANE DOE's residence (the "Park"). JANE DOE had driven her own vehicle to the Park and had parked her vehicle nearby the Park.

11. On March 3, 2019, JANE DOE was driving in the vicinity of her town in Malvern, Pennsylvania, when, while stopped at an intersection, she observed the defendant LIPSKY's vehicle drive near her own.

12. On the evening of March 7, 2019, JANE DOE again observed LIPSKY's vehicle drive by the Park. JANE DOE had driven her own vehicle to the Park, and had parked her vehicle inside the Park area. On the same evening, JANE DOE drove her vehicle to a restaurant in her town. As she was parked in the parking lot of that restaurant, she observed LIPSKY's vehicle drive past her. JANE DOE recognized the vehicle and license plates and observed the facial profile of LIPSKY.

13. On or about March 8, 2019, JANE DOE discovered a GPS tracking device underneath the front passenger side of her vehicle (the "Tracking Device"). Visible on the Tracking Device is an IMEI number. Metadata obtained from the company servicing the Tracking Device associates the name "Matthew Lipsky," with the Tracking Device, and lists an address at Marcel Road, Baldwin, New York. Moreover, purchase information obtained from the company servicing the Tracking Device reveals that the device was shipped to "Matthew Lipsky" to an address associated with the defendant LIPSKY in Malvern, Pennsylvania. Upon information and belief, the Tracking Device uses cellular service to provide location information to the subscriber of the Tracking Device on his or her cellular telephone and/or other electronic device.

14. On or about March 8, 2019, law enforcement officials arrested the defendant LIPSKY at the same address on Marcel Road, Baldwin, New York, in connection with criminal charges pending in Pennsylvania State court.

15. JANE DOE has informed the undersigned that the conduct described herein has caused her substantial emotional distress.

WHEREFORE, your deponent respectfully requests that the defendant MATTHEW LIPSKY be dealt with according to law.

_____
MATTHEW R. HAMMOND
Special Agent, Federal Bureau of Investigation

Sworn to before me this
15th day of March, 2019.

S/ Bulsara

_____
THE HONORABLE SANKET J. BULSARA
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK